**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-36032 |
| Plaintiff-Appellee, | D.C. No. 2:03-cr-0069-EJL-1 |
| v. | 2:08-cv-00191-EJL |
| CHRISTOPHER CLOSE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted September 1, 2011[**]
Seattle, Washington

Before: HAWKINS, BEA, and MURGUIA, Circuit Judges.

Christopher Close appeals his conviction in federal district court, following a

jury trial, on eleven counts of health care fraud, obstruction, and money

laundering. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Two days before his trial was set to begin, Close filed his sixth motion to continue trial so that he could replace his court-appointed attorney, Brian Thie, with private counsel, Douglas Phelps. The district court held a hearing on Close's motion to continue and accepted a sealed affidavit and a sealed supplemental declaration from Thie—documents which detailed Thie's interactions with Close over the previous eight months. These sealed documents were not provided to Close, nor read aloud in court, but were read by the judge in chambers. After conviction and exhaustion of his direct appeals, Close filed a petition for habeas relief under 28 U.S.C. § 2255.[1]

Close contends that Thie's submission of sealed declarations to the district court, without providing copies to Close, violated Close's right to conflict-free counsel because Thie put his own interests before those of Close. The Sixth Amendment right to counsel includes the right to conflict-free counsel at critical stages of a criminal proceeding. *Wood v. Georgia*, 450 U.S. 261, 271 (1981). This court has never held that a hearing on a motion to continue trial is a "critical stage" of the proceeding, but Close's arguments are unavailing even if we assume that it

---

[1] This court reviews de novo a district court's denial of a petition brought under 28 U.S.C. § 2255. *United States v. Fredman*, 390 F.3d 1153, 1156 (9th Cir. 2004).

*is* such a critical stage. Here, the client and attorney had a common interest in showing a breakdown in the relationship and getting a continuance granted.

Close also contends that he was denied due process when the court did not provide him with copies of the sealed statements. The Fifth Amendment generally guarantees an individual reasonable notice and an opportunity to be heard before he can be deprived of liberty or property. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). However, Close was present at all portions of the hearing and was given an opportunity to respond to or rebut the accusations made by Thie in his testimony. The content of the affidavit and of the attorney's testimony were effectively identical.

Normally, it is the better practice to show an attorney affidavit to the client as well as to the judge and to allow the client to cross-examine the attorney. However, for the reasons stated above, we conclude that Close's claims are without merit.

**AFFIRMED.**